UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUNY TOUCH,<br><br>                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, et al.,<br><br>                    Respondents. | Case No.: 3:25-cv-03118-RBM-AHG<br><br>**ORDER ADOPTING TENTATIVE RULING AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 3]** |

      Pending before the Court are Petitioner Chuny Touch's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion"). (Doc. 3.) After reviewing Respondents' Response in Opposition to Petitioner's Habeas Petition and Application for Temporary Restraining Order (Doc. 7) and Petitioner's Traverse in Support of Petition for Writ of Habeas Corpus (Doc. 11), the Court issued a tentative ruling granting the Petition. (Doc. 12.) The Court held a hearing on November 26, 2025. (Doc. 13.)

The Court now adopts its tentative ruling. For the reasons stated in the tentative ruling,[1] the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the terms of his preexisting Order of Supervision.

2. Petitioner's TRO Motion (Doc. 3) is **DENIED AS MOOT**.

   **IT IS SO ORDERED**.

DATE:  November 26, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  Respondents also argued at the November 26, 2025 hearing that even if a regulatory violation occurred, Petitioner has not shown sufficient prejudice. "[T]here are, for present purposes, two types of regulations: (1) those that protect fundamental due process rights, and (2) [] those that do not." *United States v. Raya-Vaca*, 771 F.3d 1195, 1205 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). "A violation of the first type of regulation . . . implicates due process concerns even without a prejudice inquiry." *Id*. "There can be little argument that ICE's requirement that noncitizens be afforded an informal interview . . . derives from the fundamental constitutional guarantee of due process." *Ceesay v. Kurzdofer*, 781 F. Supp. 3d 137, 165 n.26 (W.D.N.Y. 2025). Accordingly, Respondents' violation "implicates due process concerns even without a prejudice inquiry." *Raya-Vaca*, 771 F.3d at 1205.

But even if that were not the case, the Court would find Petitioner suffered sufficient prejudice. In the immigration context, "violation of a regulation does not invalidate a deportation proceeding unless the regulation serves a purpose of benefit to the [noncitizen]," *i.e.*, the violation "prejudiced interests of the [noncitizen] which were protected by the regulation." *United States v. Calderon-Medina*. 591 F.2d 529, 531 (9th Cir. 1979). As discussed above, ICE violated regulations intended to provide due process protections. Therefore, Petitioner was prejudiced. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury."); *Hernandez v. Sessions*, 872 F.3d 976, 995, 1000 (9th Cir. 2017) (holding that "[u]nlawful detention" by immigration officials constituted "irreparable harm").